986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Everette Vern GUDER and Gary Ronald Guder, Defendants-Appellants.
 Nos. 92-3302, 92-3303.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1992.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 We join these appeals because they raise identical issues. Both defendants appeal from orders of the district court denying their 21 U.S.C. § 2255 motions to vacate sentences. We affirm the judgments of the district court for the reasons stated in the memorandum and order filed in each case.
 
 
 3
 Defendants appeal those orders contending they "speak[ ] in circles." They claim that the district court erroneously concluded 18 U.S.C. § 2 is not a separate offense, posing the question: If § 2 is not a separate offense, how could they have been found guilty of violating its terms? The answer, of course, is they were not found guilty of § 2, they were found guilty of the underlying substantive offense.
 
 
 4
 As noted by the district court, § 2 does not define a crime. It defines a status. The statute merely eliminates the common law distinction between principal perpetrators and accessories. Since its passage, § 2 has provided that persons who actually commit an offense have the status of principal, and persons who aid, encourage, advise, command, induce, or obtain the commission of a crime by another also have the status of principal. As a result, both the perpetrator and the accessory have equal guilt in the eyes of the law.
 
 
 5
 Defendants have simply misunderstood the meaning of § 2 and the manner in which it is charged. Their misunderstanding, however, is not a reason for reversing the sound judgment of the district court. The mandate shall issue forthwith.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3